UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Burrell Clark,

        Petitioner,

v.

Pat Warren,

        Respondent.
_____/

Case No. 5:19-cv-11054

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

**MEMORANDUM OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [6], DENYING PETITIONER'S MOTION TO DENY THE MOTION TO DISMISS [8], DISMISSING THE HABEAS PETITION [1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Burrell Clark, a state prisoner at the Macomb Correctional Facility in Lenox Township, Michigan, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1). Petitioner is challenging his plea-based convictions for second-degree murder, assault with intent to commit murder, and possession of a firearm during the commission of a felony ("felony firearm"). In his petition and supporting brief, he raises three claims about his former attorneys and the scoring of the Michigan sentencing guidelines.

Respondent Pat Warren filed a motion to dismiss the habeas petition as untimely. (ECF No. 6). Petitioner then filed a motion to deny Respondent's motion. (ECF No. 8). For the reasons given below, the Court will grant Respondent's motion, deny Petitioner's motion, and dismiss the habeas petition with prejudice.

**I. Background**

Petitioner was charged in Wayne County, Michigan with one count of first-degree (premeditated) murder, two counts of assault with intent to commit murder, one count of felon in possession of a firearm, and one count of felony-firearm. On May 29, 2009, Petitioner pleaded guilty to second-degree murder, Mich. Comp. Laws § 750.317, one count of assault with intent to commit murder, Mich. Comp. Laws § 750.83, and one count of felony-firearm, Mich. Comp. Laws § 750.227b.

In exchange for the guilty plea, the prosecutor dismissed the first-degree murder charge, one count of assault with intent to commit murder, the felon-in-possession charge, and a notice charging Petitioner with being a habitual offender. In addition, the parties agreed to a sentence of twenty-three to forty years in prison for the murder

conviction, ten to twenty years in prison for the assault conviction, and two years for the felony-firearm conviction.

On June 19, 2009, the trial court sentenced Petitioner pursuant to the parties' plea and sentencing agreement. The court ordered Petitioner to serve twenty-three to forty years in prison for the murder conviction, a concurrent sentence of ten to twenty years in prison for the assault conviction, and a consecutive term of two years in prison for the felony-firearm conviction. Petitioner did not pursue a direct appeal from his convictions or sentences, and on June 19, 2010, the one-year deadline for filing an application for leave to appeal expired.

Years later, on May 24, 2016, Petitioner filed a *pro se* motion for relief from judgment in the state trial court. He argued that he was entitled to re-sentencing under *People v. Lockridge*, 498 Mich. 358 (2015), because offense variable six of the Michigan sentencing guidelines was scored on facts that he did not admit and that were not proved beyond a reasonable doubt. The state trial court denied Petitioner's motion because *Lockridge* was not applicable to his case, given his sentencing agreement, and because Petitioner had failed to demonstrate actual prejudice from the claimed error by showing that his sentence was

3

invalid. *See People v. Clark*, No. 09-006214-01-FC (Wayne Cty. Cir. Ct. Aug. 11, 2016).

Petitioner appealed the trial court's decision on his post-conviction motion, but the Michigan Court of Appeals dismissed his appeal because it was untimely. *See People v. Clark*, No. 337839 (Mich. Ct. App. May 16, 2017). Petitioner applied for leave to appeal in the Michigan Supreme Court, which denied his application on May 29, 2018, because it was not persuaded to review the issues. *See People v. Clark*, 501 Mich. 1080 (2018).

On April 8, 2019, Petitioner signed his habeas corpus petition and allegedly placed the petition in the prison mailing system. His grounds for relief are that: (1) he is entitled to re-sentencing due to a retroactive change in the law and an inaccurate score for offense variable six of the state sentencing guidelines; (2) his trial attorney (a) allowed the sentencing guidelines to be mis-scored and (b) provided ineffective assistance during plea negotiations; and (3) his appellate attorney gave him bad advice and led him to believe that he had no grounds for appeal. (ECF No. 1, PageID.6–7, 9.)

Respondent asserts in a motion to dismiss the petition that Petitioner did not comply with the one-year statute of limitations for habeas petitions. (ECF No. 6.) Petitioner replies that he is entitled to statutory and equitable tolling of the limitations period due to his impaired mental state following his convictions. (ECF No. 8.)

**II. Analysis**

**A. The Statute of Limitations**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), because Petitioner filed his petition after AEDPA was enacted in 1996. *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). AEDPA established a one-year period of limitation for state prisoners to file a federal application for the writ of habeas corpus. *Wall v. Kholi,* 562 U.S. 545, 550 (2011) (citing 28 U.S.C. § 2244(d)(1)). The limitations period runs from the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). "The limitation period is tolled, however, during the pendency of 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim.'" *Kholi*, 562 U.S. at 550-51 (quoting 28 U.S.C. § 2244(d)(2)).

## B. Application

Under 28 U.S.C. §§ 2244(d)(1)(A), "direct review" concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009).

> For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the "conclusion of direct review"—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the "expiration of the time for seeking such review"—

when the time for pursuing direct review in [the Supreme] Court, or in state court, expires.

*Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). A petition for the writ of certiorari to review a judgment entered by a state court of last resort must be filed within ninety days of entry of the judgment. Sup. Ct. R. 13.1.

Petitioner had one year from his sentencing date of June 19, 2009, to file an application for leave to appeal in the Michigan Court of Appeals. *See* Michigan Court Rule 7.205(G)(3)(a) and the Staff Comment to the June 2011 Amendment.[1] However, he did not pursue a direct appeal from his convictions and sentences. Therefore, his convictions became final on June 19, 2010, one year after he was sentenced. The statute of limitations began to run on the following day. It expired one year later, on June 19, 2011, because Petitioner took no action in his case while the limitations period was running.

---

[1] Rule 7.205(G)(3)(a) currently states that an application for leave to appeal may not be granted if the application was filed more than six months after entry of a final judgment or other order that could have been the subject of an appeal of right. However, in 2009 when Petitioner was sentenced, the appeal period was twelve months. *See* the Staff Comment to the June 2011 Amendment to Rule 7.205.

On May 24, 2016, Petitioner filed a motion for relief from judgment in the state trial court.[2] The state trial court denied his motion, the Michigan Court of Appeals dismissed his appeal from that decision, and on May 29, 2018, the Michigan Supreme Court denied leave to appeal. This concluded the state courts' collateral review of Petitioner's convictions and sentence, but the filing of the motion for relief from judgment and subsequent appeals did not revive the limitations period or restart the limitations clock at zero. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D. N.Y. 1998)).

Petitioner signed his habeas corpus petition on April 8, 2019, and he alleges that he provided his petition to prison officials for mailing to the Court on the same day. Accordingly, the Court considers the petition filed on April 8, 2019. *See Keeling v. Warden*, Lebanon Corr. Inst., 673 F.3d 452, 456 (6th Cir. 2012) (stating that a federal habeas petition "is

---

[2] Petitioner and Respondent contend that Petitioner filed his post-conviction motion on May 10, 2016, apparently because that is the date on which Petitioner signed his motion. The state trial court's register of actions, however, indicates that the motion was filed on May 24, 2016. (*See* ECF No. 7-1, PageID.144.) It is unnecessary to decide whether Petitioner filed his post-conviction motion on May 10, 2016, or on May 24, 2016, because the difference of fourteen days makes no difference to the Court's analysis.

considered filed when the prisoner provides the petition to prison officials for filing"). Because the statute of limitations expired on June 19, 2011, the habeas petition is untimely.

### C. Equitable Tolling

In his motion to deny Respondent's motion for dismissal of his habeas petition, Petitioner urges the Court to equitably toll the limitations period. "The doctrine of equitable tolling allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000)).

The Supreme Court has held that AEDPA's statutory limitations period "is subject to equitable tolling in appropriate cases," *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has also "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely

9

filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner claims that, due to his impaired mental state and use of six psychotropic drugs following his convictions and arrival in prison, he was incapable of meeting the statutory limitations period. (ECF No. 8, PageID.417–18, 421.) Petitioner correctly points out that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). Nevertheless, "mental incompetency is not a *per se* reason to toll the statute of limitations." *Kitchen v. Bauman*, 629 F. App'x 743, 747 (6th Cir. 2015).

> To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. In short, a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required.

*Ata*, 662 F.3d at 742; *see also Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (stating that "[i]llness—mental or physical—tolls a statute of

10

limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period.")

Petitioner submitted medical records that show he was taking psychotropic drugs for bipolar disorder and schizophrenia when he entered prison on or about June 25, 2009. (ECF No. 9, PageID.433–34.) During a psychiatric assessment in prison on July 9, 2009, he described visual and auditory hallucinations to his interviewer. (*Id.*, PageID.434–35.) At a subsequent psychiatric examination on July 15, 2009, the examiner stated that Petitioner had chronic paranoid schizophrenia, and that additional treatment, including one more medication, was required to diminish Petitioner's auditory hallucinations and paranoid thinking. (*Id.*, Page ID. 436–37.)

Finally, during a medication review by a medical doctor on October 14, 2009, Petitioner apparently reported that his sleep and appetite were fine and that the voices and mood swings he previously experienced had decreased. The doctor described Petitioner as alert, oriented, compliant with his medications, and doing fine. (*Id.*, PageID.444–45.)

Although Petitioner's medical records indicate that he has a history of mental illness, "mental illness is not the same as mental

incompetence," *Watkins v. Deangelo-Kipp*, 854 F.3d 846, 852 (6th Cir. 2017), and Petitioner was found competent to stand trial three months before he pleaded guilty. (ECF No. 7-1, PageID.143.)

Although he states that the psychotropic drugs rendered him incapable of intelligent thought for years (ECF No. 8, PageID.425), the medical report from October 14, 2009, indicates that the medications were helping him. Petitioner has not submitted any additional medical records or provided the Court with any evidence of his mental health status from June 19, 2010, to June 19, 2011, when statute of limitations was running. He also has not set forth a date or time frame when he became capable of intelligent thought.

Petitioner has failed to demonstrate that he was incapable of complying with the statute of limitations during the period of his alleged mental incapacity. He also has not demonstrated that he was diligent in pursuing his claims. Accordingly, the Court declines to equitably toll the limitations period.

### D. Delayed Start to the Limitations Period

Petitioner alleges in his first ground for relief that he is entitled to re-sentencing due to a retroactive change in the law. This claim appears

to be based on the Michigan Supreme Court's decision in *Lockridge*. The state supreme court concluded in *Lockridge*

> that the rule from *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), as extended by *Alleyne v. United States,* 570 U.S. ——, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), applies to Michigan's sentencing guidelines and renders them constitutionally deficient. That deficiency is the extent to which the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e., the "mandatory minimum" sentence under *Alleyne*.

*Lockridge*, 498 Mich. at 364.

Stated differently, "to the extent that [offense variables] scored on the basis of facts not admitted by the defendant or necessarily found by the jury verdict increase the floor of the guidelines range, i.e., the defendant's 'mandatory minimum' sentence, that procedure violates the Sixth Amendment." *Id.* at 373–74. The Court understands Petitioner to be alleging that *Lockridge* is a retroactive change in the law and because offense variable six of the Michigan sentencing guidelines was scored on the basis of facts that he did not admit and that were not proved beyond a reasonable doubt, he is entitled to lower sentencing guidelines and a decreased sentence.

13

To the extent Petitioner is claiming that the limitations period did not begin to run until July 29, 2015, when the Michigan Supreme Court issued its decision in *Lockridge*, his argument fails. Even if the statute of limitations did not begin to run until July 29, 2015, Petitioner waited over nine months from July 29, 2015, to file his motion for relief from judgment in state court. Then, after the state courts concluded their review of his sentencing claim on May 29, 2018, Petitioner waited another ten months to file this habeas petition.

Thus, the statute of limitations had been running for approximately nineteen months if July 29, 2015 is used as the start of the limitations petition and if the limitations period were tolled for the time that Petitioner was pursuing state collateral remedies for his sentencing claim. Because this is more than a year, the habeas petition is untimely even if the statute of limitations began to run on July 29, 2015, when *Lockridge* was decided.

### E. Actual Innocence

A prisoner's innocence can serve as a basis for equitably tolling the AEDPA's limitations period. The Supreme Court has stated that actual innocence, if proved, serves as a gateway through which a habeas

14

petitioner may pass when the impediment to considering the merits of his constitutional claims is the expiration of the statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But Petitioner does not claim to be innocent. Instead, he stated in his state-court motion for relief from judgment that he did not wish to withdraw his guilty plea and that he took full responsibility for his crime. (ECF No. 7-6, PageID.268.)

AEDPA's time limitations apply when no allegation of actual innocence is made. *Perkins*, 560 U.S. at 394. Petitioner, therefore, is not entitled to pass through the actual-innocence gateway and have his claims heard on the merits.

### III. Conclusion and Order

Petitioner's habeas petition is time-barred, and he is not entitled to equitable tolling of the limitations period or a delayed start to the limitations period. "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys*, 209 F.3d at 561.

Accordingly,

**IT IS ORDERED** that Respondent's motion to dismiss the habeas petition (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to deny Respondent's motion for dismissal (ECF No. 8) is **DENIED**, and the habeas petition (ECF No. 1) is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not find it debatable whether the Court's procedural ruling is correct or whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS FURTHER ORDERED** that Petitioner may not proceed *in forma pauperis* if he appeals this decision because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Dated: July 7, 2020　　　　　　　s/Judith E. Levy
　Ann Arbor, Michigan　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 7, 2020.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager